## AMELIA E. BARNARD v. EDW. B. BARNARD.

**Husband and Wife—Divorce.**

> Where evidence does not show for six months last past, the husband habitually behaved toward the wife in a cruel and inhuman manner, as to indicate a settled aversion to her, etc., no statutory grounds for divorce.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY BRANCH.

May 10, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

This record develops the fact that upon several occasions appellee has treated his wife with inexcusable harshness, and that for some months before their separation he manifested for her very little affection. It is very clear that she has not received from him that degree of attention nor that sympathy she had a right to expect, in view of the protracted suffering she experienced from the unfortunate malady which resulted in the loss of one of her eyes.

Still, the testimony in the case does not justify the conclusion that appellee had for six months habitually behaved towards her in such a cruel and inhuman manner as to indicate a settled aversion to her, and to destroy permanently her peace and happiness, nor that his conduct and threats had been such as to indicate an outrageous and ungovernable temper in him, such as to probably endanger the appellee's life, or to subject her to personal violence at his hands, had she continued to live with him. Hence, no statutory grounds for a decree of divorce seems to exist.

While it seems that during all the unfortunate domestic disagreements unfolded by the evidence before us, the conduct of the appellant has been blameless, except in failing to return to her husband's house upon her arrival at Louisville from Cincinnati, the courts under the law have no power to interfere in her behalf. The chancellor did not err in dismissing her petition, and his judgment must be affirmed.

*Elliott,* for appellant.
*Carull,* for appellee.